# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case No. 23-60473 |
| RALPH LEON HAYES, ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| RALPH LEON HAYES, ) | |
| ) | Civil Action No. 6:23-cv-00038-RSB |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| U.S. BANK TRUST and ANGELA M. ) | |
| SCOLFORO, ) | |
| ) | |
| Appellees. | |

_____

### APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
_____

## BRIEF FOR APPELLEE U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF LSF10 MASTER PARTICIPATION TRUST

David M. Barnes, Jr., Esq. (VSB No. 86747)
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Ave., N.W., Suite 900
Washington, D.C. 20001
Tel:  (202) 689-2885
Fax:  (202) 689-2860
Email: david.barnes@nelsonmullins.com

*Counsel for Appellee U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust*

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. Bankr. P. 8012, Appellee U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust hereby files this statement identifying its parent company and any publicly held corporation that owns ten percent (10%) of its stock:

1. Although it is not a party outside its capacity as trustee of the above-referenced trust, Appellee U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust states that it is a wholly-owned subsidiary of U.S. Bancorp, a multi-state financial services holding company incorporated in the state of Delaware.  U.S. Bancorp trades on the New York Stock Exchange under the symbol USB.  No publicly-held corporation owns ten percent (10%) or more of the stock of U.S. Bancorp.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

JURISDICTIONAL STATEMENT .........................................................................................1

STATEMENT OF THE ISSUES PRESENTED.......................................................................1

STANDARD OF REVIEW .......................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.................................................1

ARGUMENT.............................................................................................................................4

    I.     Debtor's Appeal Is Mooted by Dismissal of the Bankruptcy Case and by Operation of Law. ........................................................................................... 4

    II.    The Bankruptcy Court Did Not Abuse Its Discretion in Denying Debtor's Motion to Extend the Automatic Stay. ................................................................. 6

CONCLUSION..........................................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases**

*Bahnmiller v. Derwinski*,
923 F.2d 1085 (4th Cir. 1991) ............................................................................................. 4

*Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*,
843 F.3d 583 (4th Cir. 2016) ............................................................................................... 4

*Constructivist Found, Inc. v. Bonner*,
254 B.R. 863 (D. Md. 2000) ................................................................................................ 5

*Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*,
80 F.3d 895 (4th Cir. 1996) ................................................................................................. 1

*Glover v. Golden Trestle, LLC*,
No. 6:19-cv-940, 2019 WL 5264615 (D.S.C. Oct. 17, 2019) ............................................. 5

*Glover v. Golden Trestle, LLC*,
No. 6:19-cv-940, 2019 WL 5269081 (D.S.C. Sept. 18, 2019) ........................................... 5

*In re Bryson Props., XVIII*,
961 F.2d 496 (4th Cir. 1992) ............................................................................................... 1

*In re Epting*,
652 B.R. 134 (Bankr. D.S.C. 2023) ..................................................................................... 6

*In re Flynn*,
582 B.R. 25 (B.A.P. 1st Cir. 2018) ...................................................................................... 6

*In re Income Prop. Builders, Inc.*,
699 F.2d 963 (9th 1982) ....................................................................................................... 5

*In re McGrath*,
No. 10-20530, 2011 WL 2116992 (Bankr. E.D. Va. Jan. 25, 2011) ................................ 6

*In re Morris*,
385 B.R. 823 (E.D. Va. 2008) ............................................................................................. 1

*Iron Arrow Honor Soc'y v. Heckler*,
464 U.S. 67 (1983) ................................................................................................................ 4

*Pashby v. Delia*,
709 F.3d 307 (4th Cir. 2013) ............................................................................................... 4

**Statutes**

11 U.S.C. § 349(b)(3) ................................................................................................................. 4

11 U.S.C. § 362(b)(3)(B) ........................................................................................................... 5

11 U.S.C. § 362(c) ..................................................................................................................... 4

11 U.S.C. § 362(c)(3) .............................................................................................................. 5, 6

11 U.S.C. § 362(c)(3)(A) ........................................................................................................... 5

11 U.S.C. § 362(c)(3)(B) ........................................................................................................... 6

28 U.S.C. § 157(b)(2)(G) ........................................................................................................... 1

28 U.S.C. § 158(a)(1) ................................................................................................................. 1

U.S. Const. art. III, § 2, cl. 1 ..................................................................................................... 4

## JURISDICTIONAL STATEMENT

Ralph Leon Hayes ("Debtor" or "Appellant"), the debtor in the above-referenced chapter 13 bankruptcy case ("Bankruptcy Case"), appeals the order of the United States Bankruptcy Court for the Western District of Virginia ("Bankruptcy Court") denying his request to extend the automatic stay (ECF No. 81) ("Order Denying Motion to Extend").

The Bankruptcy Court entered the Order Denying Motion to Extend on July 5, 2023. The Debtor filed his Notice of Appeal on July 14, 2023. The Bankruptcy Court had subject matter jurisdiction to enter the order pursuant to 28 U.S.C. § 157(b)(2)(G). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1).

## STATEMENT OF THE ISSUES PRESENTED

1.  Whether the appeal is mooted by Debtor's voluntary dismissal of the underlying bankruptcy case or by operation of law.

2.  Whether the Bankruptcy Court erred in denying Debtor's request to extend the automatic stay.

## STANDARD OF REVIEW

Upon appeal, a "bankruptcy court's findings of fact are reviewed under the clearly erroneous standard . . . [and] its conclusions of law are reviewed *de novo*." *In re Bryson Props., XVIII*, 961 F.2d 496, 499 (4th Cir. 1992). When there are issues that present both questions of law and fact, factual issues are reviewed by a clearly erroneous standard, and the legal conclusions derived therefrom are reviewed de novo. *See Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 905 (4th Cir. 1996). A bankruptcy court's discretionary decisions are reviewed for abuse of discretion. *In re Morris*, 385 B.R. 823, 828 (E.D. Va. 2008).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about December 8, 2005, Debtor and his co-debtor wife executed an Adjustable Rate

1

Note in the original principal amount of $324,000.00 ("Note") and a deed of trust ("Deed of Trust" and collectively with the Note, "Mortgage") secured by real property located at 1107 Ashburn Drive, Forest, Virginia 24551 ("Property"). Appellee U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust ("U.S. Bank" or "Appellee") is the holder of the Mortgage by certain assignments record with the Bedford County Circuit Court.

Debtor filed the underlying Bankruptcy Case on April 24, 2023. The Bankruptcy Case was Debtor's second chapter 13 case filed within the preceding year. Debtor filed a prior chapter 13 case in the Bankruptcy Court on July 13, 2022 (Case No. 22-60684) ahead of a duly noticed foreclosure sale scheduled for the same day. Debtor's prior bankruptcy case was dismissed on September 19, 2022, for his failure to complete the required prepetition credit counseling course (*id.*, ECF No. 61).[1]

In his bankruptcy schedules, Debtor estimated the value of the Property at $525,000 (ECF No. 27, Schedule A/B). Neither of Debtor's proposed plans (ECF Nos. 32 and 77) provided any treatment for or acknowledged the secured claim of U.S. Bank. Notwithstanding U.S. Bank's omission from Debtor's proposed plans, Debtor never disputed that he failed to make any payments on the Note during the pendency of the Bankruptcy Case, that the Note was due for the April 2012 payment, or that the balance due of approximately $596,372.65 exceeded the Debtor's estimated valuation of the Property.

On May 24, 2023, U.S. Bank filed a motion seeking relief from the automatic stay and co-debtor stay with respect to the Property (ECF No. 23) ("Stay Relief Motion"). On June 4, 2023,

---

[1] Debtor appealed the Bankruptcy Court's order dismissing his prior bankruptcy to this Court (Case No. 6:22-cv-00063), which ultimately affirmed the Bankruptcy Court's dismissal order and dismissed Debtor's appeal (*id.,* ECF No. 12).

Debtor filed copies of pleadings (ECF No. 45) that he previously filed in lawsuits asserted against U.S. Bank in the Circuit Court of Bedford County, Virginia (Case No. CL22001587-01) and in this Court (Case No. 6:22-cv-00040), none of which bore any relevance to his bankruptcy case or the grounds for relief in the Stay Relief Motion. Two days later, on June 6, 2023, Debtor filed a pleading captioned as "Debtor's Objection and Disputes Movant Motion for Relief from Automatic Stay" (ECF No. 47) that, similar to the previous filings, recited the same allegations Debtor had asserted in the state and federal court actions but did not address U.S. Bank's asserted grounds for relief from the automatic stay.

On June 22, 2023, the Bankruptcy Court conducted a hearing on U.S. Bank's Stay Relief Motion. Counsel for U.S. Bank and Angela M. Scolforo, chapter 13 trustee ("Trustee"), appeared at the hearing. Debtor did not appear at the hearing. Upon consideration of the record, applicable bankruptcy law, and the arguments of counsel, the Bankruptcy Court granted the Stay Relief Motion and lifted the automatic stay and the co-debtor stay with respect to the Property. The Bankruptcy Court entered the Stay Relief Order on June 27, 2023.

On June 29, 2023, Debtor filed a motion to extend the automatic stay (ECF No. 71). The Bankruptcy Court denied Debtor's request by entry of the Order Denying Motion to Extend on July 5, 2023 (ECF No. 81). In the Order Denying Motion to Extend, the Bankruptcy Court ruled that the automatic stay terminated by operation of law on May 24, 2023, and concluded that "[t]he [Bankruptcy] Court is thus unable to extend the automatic stay pursuant to section 362(c)(3) further because section 362(c)(3) does not authorize extension of the stay after it has terminated."

On July 14, 2023, Debtor filed the Notice of Appeal (ECF No. 103). Thereafter, on August 30, 2023, approximately a month and a half after filing the Notice of Appeal, Debtor filed a new chapter 13 bankruptcy case in the Bankruptcy Court (Case No. 23-60473) in an effort to stop a

foreclosure sale scheduled for that day. Also, on the same day as he filed the new bankruptcy case, Debtor filed a motion in the underlying Bankruptcy Case requesting dismissal (ECF No. 143). Based upon this motion, the Bankruptcy Court entered an order dismissing the Bankruptcy Case on September 21, 2023 (ECF No. 147).

## ARGUMENT

### I. Debtor's Appeal Is Mooted by Dismissal of the Bankruptcy Case and by Operation of Law.

The Court should dismiss the appeal for the simple reason that it is constitutionally moot on multiple grounds. Article III limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. Under the case or controversy requirement, a federal court may exercise jurisdiction over a particular claim only if the claim remains "alive throughout the course of litigation, to the moment of final appellate disposition." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016) (quoting *Bahnmiller v. Derwinski*, 923 F.2d 1085, 1088 (4th Cir. 1991)). "A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013)). To survive an assertion that a claim is moot, a party must have suffered an actual injury that "can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

By appealing the Order Denying Motion to Extend, Debtor seeks to return to the status quo before the automatic stay terminated by operation of law—that is, when the automatic stay under 11 U.S.C. § 362(a)(1) was effectively shielding Debtor from certain activities by creditors. But a dismissal order in a chapter 13 case dissolves the automatic stay. *See* 11 U.S.C. §§ 362(c), 349(b)(3). Thus, when the Bankruptcy Court dismissed Debtor's case, Debtor "'lost the

4

protections granted by the automatic stay,' regardless of whether the stay was properly lifted by the Bankruptcy Court." *Glover v. Golden Trestle, LLC*, No. 6:19-cv-940, 2019 WL 5269081, at *5 (D.S.C. Sept. 18, 2019), *report and recommendation adopted*, 2019 WL 5264615 (D.S.C. Oct. 17, 2019) (quoting *Constructivist Found, Inc. v. Bonner*, 254 B.R. 863, 865 (D. Md. 2000)). As the Ninth Circuit Court of Appeals stated under analogous circumstances in *In re Income Prop. Builders, Inc.*, 699 F.2d 963 (9th 1982) (per curiam):

> [T]he automatic stay provided in 11 U.S.C. § 362(a) was dependent upon the operation of the bankruptcy law, and that law was pertinent only because of the existence of the proceeding in bankruptcy. . . . Any power that we have with respect to the stay is derived from our appellate power in bankruptcy matters. Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation. A remand by us to the bankruptcy court would therefore be useless.

*Id.* at 964. Accordingly, by dismissing the Bankruptcy Case, Debtor mooted the underlying controversy giving rise to the appeal, and the Court must dismiss this appeal as moot.

Furthermore, as the Bankruptcy Court stated in the Order Denying Motion to Extend, the automatic stay terminated by operation of law on May 24, 2023, pursuant to 11 U.S.C. § 362(c)(3). Under 11 U.S.C. § 362(c)(3), the automatic stay expires 30 days after the filing of a case if the debtor had a case pending within the preceding one-year period that was dismissed other than under section 707(b). 11 U.S.C. § 362(c)(3)(A). The bankruptcy court may extend the automatic stay past the 30-day period "after notice and a hearing completed before the expiration of the 30-day period." 11 U.S.C. § 362(b)(3)(B).

Prior to the Bankruptcy Case, Debtor filed another chapter 13 case on July 13, 2022 (Case No. 22-60684) that was dismissed on September 19, 2022, less than a year before he filed the instant Bankruptcy Case on April 24, 2023. Consequently, any motion to extend the automatic stay was required to be filed and heard by May 24, 2023 (30 days after Debtor filed the Bankruptcy

5

Case). Debtor's motion to extend the automatic stay was filed on June 29, 2023 (66 days after filing the Bankruptcy Case). Section 362(b)(3)(B) does not provide the Bankruptcy Court with any authority to extend the stay after it is terminated under section 362(c)(3)(A) if a hearing is not conducted before the expiration of the stay. *See* 11 U.S.C. § 362(c)(3)(B); *see also In re Flynn*, 582 B.R. 25, 31 (B.A.P. 1st Cir. 2018) (holding that bankruptcy court lacked discretion to extend the automatic stay after 30-day period expired); *In re Epting*, 652 B.R. 134, 136–37 (Bankr. D.S.C. 2023) (denying debtor's motion to extend the automatic stay because the court lacked authority to extend the temporary stay under section 362(c)(3)(B) after it expired); *In re McGrath*, No. 10-20530, 2011 WL 2116992, at *1 (Bankr. E.D. Va. Jan. 25, 2011) (same). Because Debtor failed to file a motion to extend the automatic stay prior to the prescribed 30-day period, extension of the automatic stay was barred statutorily.

## II. The Bankruptcy Court Did Not Abuse Its Discretion in Denying Debtor's Motion to Extend the Automatic Stay.

As discussed above and in the Order Denying Motion to Extend, the automatic stay terminated by operation of law on May 24, 2023 under 11 U.S.C. § 362(c)(3) because the Debtor filed a previous chapter 13 case that was dismissed less than a year before filing the Bankruptcy Case. Debtor had until May 24, 2023, to file a motion and set a hearing requesting that the automatic stay be extended, yet his motion was not filed until June 29, 2023. Consequently, section 362(b)(3)(B) mandated denial of Debtor's request, and the Bankruptcy Court did not err in entering the Order Denying Motion to Extend.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, U.S. Bank respectfully requests that the Court dismiss this appeal with prejudice or, alternatively, affirm the Bankruptcy Court's Order Denying Motion to Extend.

Dated: October 13, 2023

        Respectfully submitted,

        U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust

        By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2800
Facsimile: (202) 689-2860
Email: david.barnes@nelsonmullins.com

By:   /s/ David M. Barnes, Jr.
      David M. Barnes, Jr., Va. Bar No. 86747

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of October 2023, a copy of the foregoing was served upon the following via CM/ECF:

Shannon T. Morgan
Office of the Chapter 13 Trustee
123 East Main Street, Suite 310
Charlottesville, VA 22902
*Counsel for Chapter 13 Trustee*

I further certify that a copy of the foregoing was served upon the following by first-class mail, postage paid:

Ralph Leon Hayes
1107 Ashburn Drive
Forest, VA 24551

    /s/ David M. Barnes, Jr.
David M. Barnes, Jr.

8