CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

12/13/2023

LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| **RALPH LEON HAYES,** ) | |
| ) | |
|     Appellant, ) | Case No. 6:23-cv-00037 |
| ) | Case No. 6:23-cv-00038 |
| ) | Case No. 6:23-cv-00049 |
| ) | Case No. 6:23-cv-00064 |
| ) | |
|   v. ) | Hon. Robert S. Ballou |
| ) | United States District Judge |
| **U.S. BANK TRUST, N.A., et al.** ) | |
| ) | |
|     Appellees. ) | |

## MEMORANDUM OPINION

Ralph Leon Hayes, proceeding *pro se*, filed four bankruptcy appeals from rulings of the United States Bankruptcy Court for the Western District of Virginia.[1] The records of the bankruptcy court proceedings reveal that this Court lacks subject matter jurisdiction over three of the four appeals, and the fourth appeal was untimely filed. These matters are accordingly **DISMISSED**.

    **I.**    **Background**

Hayes has filed three petitions within the last 18 months for bankruptcy under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 301–366, in an effort to avoid foreclosure upon property located at 1107 Ashburn Drive, Forest, Virginia 24551.[2] The Court previously affirmed the bankruptcy court's dismissal of Hayes's 2022 bankruptcy petition. See Hayes v. Fay Servicing,

---

[1] See Case Nos. 6:23-cv-00037 (W.D. Va. filed July 17, 2023); 6:23-cv-00038 (W.D. Va. filed July 17, 2023); 6:23-cv-00049 (W.D. Va. filed Aug. 22, 2023); 6:23-cv-00064 (W.D. Va. filed Oct. 16, 2023).

[2] See Case Nos. 22-60684 (Bankr. W.D. Va. filed July 13, 2022); 23-60473 (Bankr. W.D. Va. filed Apr. 24, 2023); 23-60941 (Bankr. W.D. Va. filed Aug. 30, 2023).

LLC, No. 6:22-cv-00063, 2023 WL 2541129 (W.D. Va. Mar. 16, 2023). These four bankruptcy appeals stem from the remaining Chapter 13 petitions, which Hayes filed in 2023. The first three appeals (Case Nos. 6:23-cv-00037, -00038, and -00049), stem from the Chapter 13 petition he filed in April 2023 (Case No. 23-60473), which, notably, the bankruptcy court dismissed on Hayes's request. The fourth appeal (Case No. 6:23-cv-00064) arises from the Chapter 13 petition he filed in August 2023 (Case No. 23-60941).

Hayes appeals three rulings from the April 2023 petition: (1) the order granting relief to U.S. Bank Trust, N.A., from the automatic stay;[3] (2) the order denying Hayes's motion to extend the automatic stay; and (3) the order denying Hayes's motion to continue the hearing on the Chapter 13 trustee's motion to dismiss. See Case No. 23-60473, Dkt. 68, 81, 126. Hayes appealed these orders in serial fashion.[4] After the bankruptcy court denied Hayes's motion to continue the hearing on the motion to dismiss, Hayes filed a "motion to cancel" the Chapter 13 proceeding. Id., Dkt. 143. The bankruptcy court construed Hayes's filing as a motion to dismiss under 11 U.S.C. § 1307(b) and granted it on September 21, 2023. Id., Dkt. 147. Hayes had

---

[3] There is a discrepancy in the orders Hayes seeks to appeal as part of Case No. 6:23-cv-00037 between Hayes's notice of appeal and the transmittal sheet from the bankruptcy court to the district court. See No. 6:23-cv-00037, Dkt. 1. The transmittal sheet states that Hayes sought to appeal the bankruptcy court's order granting relief from the automatic stay, dated June 27, 2023. Id. Hayes's notice of appeal, however, states that the date of the order he sought to appeal was June 23, 2023. Id., Dkt. 1-1 at 1. On June 23, the bankruptcy court entered two orders: an order continuing a hearing and an order granting Hayes more time to pay a filing fee. See Case No. 23-60473, Dkt. 64, 66 (Bankr. W.D. Va.). It is unclear from the record which of these rulings Hayes sought to appeal. However, the Court lacks jurisdiction regardless of the specific orders at issue, and so this discrepancy does not impact the analysis.

[4] Hayes did not file a notice of appeal of the order granting relief from the automatic stay until July 14, 2023, beyond the 14-day time period a party has to file a bankruptcy appeal. See Fed. R. Bankr. P. 8002(a)(1).

2

already filed all three of his notices of appeal by the time the bankruptcy court dismissed the case.

Hayes also filed a notice of appeal from his August 2023 petition. In that appeal, Hayes seeks review of several orders of the bankruptcy court addressing court procedures in anticipation of a hearing and addressing Hayes's obligation to pay the filing fee, all of which were entered on September 25, 2023. See Case No. 23-60941, Dkt. 12, 13, 14 (Bankr. W.D. Va.). Hayes filed his notice of appeal on October 11, 2023.[5]

## II.    Analysis

As to the first three of Hayes's appeals, which all stem from the April 2023 petition, the Court lacks jurisdiction because Hayes requested the bankruptcy case be dismissed after he filed his notices of appeal. And Hayes's fourth appeal is untimely because he filed it after the mandatory 14-day deadline had passed. As to his fourth appeal, the Court lacks jurisdiction because Hayes filed the notice after the time to appeal had run.

### a.    Appeals from April 2023 Petition

Article III limits the jurisdiction of federal courts to live cases and controversies. U.S. Const. art. III, § 2, cl. 1; Catawba Riverkeeper Found. v. N.C. Dep't of Transp., 843 F.3d 583, 589 (4th Cir. 2016). The federal courts may only exercise their power over actions that "remain alive throughout the course of litigation, to the moment of final appellate disposition." Bahnmiller v. Derwinski, 923 F.2d 1085, 1088 (4th Cir. 1991). "The doctrine of mootness

---

[5] Hayes filed this notice of appeal only five days after the bankruptcy court dismissed the petition. However, Hayes does not appeal the dismissal of his Chapter 13 petition—in response to a request for clarification from the bankruptcy court clerk's office, Hayes stated that he sought to appeal docket entries 12, 13, and 14. See Case No. 23-60491, Dkt. 28 (Bankr. W.D. Va.) ("I am appealing [docket entries] 12, 13 & 14]."); see also Fed. R. Bankr. P. 8003(a)(6) ("An appellant may identify only part of a judgment or appealable order or decree by expressly stating that the notice of appeal is so limited.").

3

originates in Article III's case or controversy language." Catawba Riverkeeper Found., 843 F.3d at 589 (internal quotations omitted). Mootness occurs when the parties "lack a legally cognizable interest in the outcome" of the dispute, such as where the court's "resolution of an issue could not possibly have any practical effect on the outcome of the matter." Norfolk S. Ry. Co. v. City of Alexandria, 608 F.3d 150, 161 (4th Cir. 2010). As relevant here, a bankruptcy appeal generally "becomes moot if the appellate court is unable to grant effective relief because of events that occurred during the appeal." Montelione v. Fed. Nat'l Mortg. Ass'n, 183 F. App'x 200, 201 (3d Cir. 2006).

      The timeline of events with respect to the April 2023 petition render the first three of Hayes's appeals moot. Hayes filed the first two notices of appeal on July 14, 2023, and his third on August 22, 2023. See Case No. 23-60473, Dkt. 99, 103, 128 (Bankr. W.D. Va.). The bankruptcy case co0ntinued after Hayes filed his notice of appeal, but on August 30, 2023, Hayes filed his "motion to cancel" the case, which the bankruptcy court construed as a motion to dismiss under 11 U.S.C. § 1307(b). The bankruptcy court granted this motion and dismissed the case on September 21, 2023.

      Hayes's appeals that stemmed from the April 2023 petition became moot when the bankruptcy court dismissed the proceeding because there was no longer a live case or controversy. Catawba Riverkeeper Found., 843 F.3d at 589 (holding that challenge to road construction project was moot after legislative body stripped project of funding). Indeed, the Court cannot provide Hayes any relief in relation to these appeals because Hayes clearly indicated that he no longer has a "legally cognizable interest in the outcome" when he asked the bankruptcy court to dismiss his case. Norfolk S. Ry. Co., 608 F.3d at 161. The Third Circuit dealt with similar facts in Montelione v. Federal National Mortgage Association, 183 F. App'x

4

200 (3d Cir. 2006). There, a Chapter 13 debtor proceeding *pro se* filed a notice of appeal involving an order lifting an automatic stay. Id. at 201. After filing the notice of appeal, the debtor then filed a motion to voluntarily dismiss her bankruptcy petition, which the bankruptcy court granted. Id. The Third Circuit found the appeal challenging the decision to lift the automatic stay was moot, explaining that "once the Chapter 13 proceedings were voluntarily dismissed, the District Court could not have granted relief with respect to the lifting of the automatic stay." Id. The Third Circuit concluded that the debtor's appeal was moot because she had voluntarily dismissed the underlying bankruptcy petition. Id. at 201–02; see also In re Barbieri, 199 F.3d 616, 621 (2d Cir. 1999) (noting that a debtor's decision to voluntarily dismiss a Chapter 13 petition "limits his rights and remedies to those available in state court").

The same situation exists here as in Montelione. Any ruling on the merits of Hayes's first three appeals would have "no practical effect on the outcome" of the matters because no underlying bankruptcy proceeding exists—in accordance with Hayes's request that the bankruptcy court dismiss his petition. See Norfolk S. Ry. Co., 608 F.3d at 161; see also Akhtar v. Fed. Nat'l Mortg. Ass'n, No. PWG-18-1418, 2019 WL 266282, at *4–5 (D. Md. Jan. 18, 2019) (dismissing debtor's bankruptcy appeal as moot because she had voluntarily dismissed the underlying Chapter 13 petition before she filed her notice of appeal). Accordingly, the Court lacks jurisdiction, and they must be dismissed.

### b. Appeal from August 2023 Petition

Hayes's fourth appeal challenges three bankruptcy court rulings in the August 2023 petition. Specifically, Hayes challenged (1) an order that provided notice to the parties of the motion that the bankruptcy court would address at an upcoming hearing; (2) a scheduling order informing the parties of the deadline to file objections to that motion; and (3) an order informing

Hayes of the deadline to pay the filing fee. See Case No. 23-60941, Dkt. 12, 13, 14. The bankruptcy court entered all three of these orders on September 25, 2023, but Hayes did not file his notice of appeal until October 11, 2023. Hayes filed his appeal after the 14-day time period for doing so had elapsed, and therefore I dismiss the appeal.

Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that, except in limited circumstances not applicable here, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." There is some controversy between the Courts of Appeals as to whether this rule is jurisdictional. Compare In re Sobczak-Slomczewski, 826 F.3d 429, 431 (7th Cir. 2016) (finding that Rule 8002's 14-day deadline is jurisdictional), with In re VeroBlue Farms USA, Inc., 6 F.4th 880, 887 (8th Cir. 2021) (finding that Rule 8002's 14-day deadline is "mandatory but not jurisdictional"). The Fourth Circuit has not directly addressed the issue. But see Smith v. Dairymen, Inc., 790 F.2d 1107, 1109 (4th Cir. 1986) (concluding that the district court lacked jurisdiction over a bankruptcy appeal because the party had not filed a notice of appeal). Regardless, parties must comply with the 14-day timeliness requirement, as evidenced by its inclusion in the statute that grants district courts jurisdiction to hear bankruptcy appeals. See 11 U.S.C. § 158(c)(2). And even if the courts have some equitable power to toll this deadline, Hayes has not requested such relief.

### III.     Conclusion

For the reasons stated herein, Hayes's four appeals are **DISMISSED**. An appropriate order shall issue in each civil action.

Entered:  December 13, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge